STATE OF MAINE                                          SUPERIOR COURT
                                                          CIVIL ACTION
YORK, ss.                                           DOCKET NO. AP-07-013
                                                *PAF —YOR-10/29/2007*

BRIGITTE SPICKSCHEN,

                    Plaintiff

        v.                                          **ORDER AND DECISION**

TOWN OF NEWFIELD,                                   DONALD L. GARBRECHT
                                                          LAW LIBRARY

                    Defendant                            JAN 30 2008

        Dr. Thorlef Spickschen and Brigitte Spickschen of Seeheinm, Germany own a

seasonal home and land on a peninsula on Shepard Island in the Town of Newfield.  In

2005 the property had been assessed at $224,008 but the valuation was increased in 2006

to $1,105,900.  Ms. Spickschen, through her attorney, sought a property tax abatement

from the Town's municipal officers, the Newfield Selectmen, which was denied.

        A timely appeal was taken to the York County Commissioners pursuant to 36

M.R.S.A. §844(1).  The Commissioners heard the appeal which was denied through

written findings of fact and conclusions of law by an apparent 4-0 vote though all five

of the Commissioners signed the document.  Additionally, the minutes reflect a 3-1

vote.  In any event the appeal was denied and a further appeal was taken to this Court

which has been briefed and argued.

        The Town's property assessment record, see R.8. demonstrates how the assessor

valued the Spickschen property which has 680 feet of frontage on a peninsula in Balch

Pond.  The 680 feet of frontage was multiplied by a per foot price of $3,000 per foot of

shore frontage.  That product was multiplied by 0.5 for a topography adjustment

producing a land value of $1,020,000 to which a building value of $85,900 was added. The Town argued that there was a consistently applied methodology and that the supposed comparables suggested by Ms. Spickschen's appraiser should be disregarded because they were from the neighboring towns of Acton or Shapleigh. The property owner produced an independent appraiser who examined market data for what he believed to be comparable properties and determined that the fair market value, and just value, was $530,000, not in excess of $1,100,000. The Commissioners adopted the analysis of the Town.

One of the Commissioners, Sallie Chandler, reported to the Commissioners that she had conducted an unannounced site view and according to the minutes of the meeting of the Commissioners of March 7, 2007, lead the discussion having observed that, "...the subject property has a commanding view of the lake and the dwelling is superior to that cited as comparable."

This visit was certainly well intended and the Commissioner properly disclosed the fact of the visit and her observations. However, pursuant to *City of Biddeford v. Adams*, 1999 ME 49, ¶9, 727 A.2d 346, 349, "Because no notice was given to the parties of the site visit, they (the property owners) could not be present during the visit or provide a response to the evidence gathered from the visit. For this reason, the visit was improper."

Like the Maine Supreme Judicial Court in *Adams*, see ¶11 at 349, I cannot conclude that the visit was harmless particularly given the uncertainty as to what the actual vote of the Commissioners was. The minutes indicate that the visit was important to at least one Commissioner and perhaps others. Normally this unscheduled visit would require a remand for a new hearing.

Property taxes are to be assessed based on "just value", Maine Constitution, art. IX, §8, which requires that it be assessed at fair market value and that the valuation process be equitable among comparable properties. See *Yusem v. Town of Raymond*, 2001 ME 61, 769 A.2d 865, 870, n.6. The assessor's valuation is to be presumed to be valid and the property owner must present credible evidence that the valuation was "manifestly wrong". *Yusem* at §8. Here the independent appraisal presented such evidence.

The taxpayer in our case was attempting to establish, see *Yusem* at §9, that "... the judgment of the assessor was irrational or so unreasonable in light of the circumstances that the property was substantially overvalued and an injustice resulted." The Commissioners essentially concluded that Ms. Spickschen had failed to meet her burden. On appeal to the Courts that determination is to be overturned "only if the record compels a contrary conclusion to the exclusion of any other inference."

In this case we have a methodology that, while consistently applied to properties with less frontage, is not well explained in the record and, more importantly, produces a result which bears little relationship to actual market data. The market for lake front property is larger than just one pond and it is in error to ignore data from comparable lakes in nearby towns. It was in error to conclude that because the assessor was consistent the result must be correct in a case of a house on a peninsula, with extensive frontage but no opportunity to build another house, particularly in light of the appraisal which suggested a substantial overvaluing and resulting injustice. There were no examples of properties selling in excess of $1,000,000 on this pond or any nearby lake. While $3,000 per foot of frontage may be justified in some circumstances, there does not appear to be a valid linear relationship between frontage and value in this case. The

3

linear relationship breaks down once the frontage becomes extensive on a property that cannot be divided into smaller but still buildable pieces.

The entry is:

Decision of the York County Commissioners denying an abatement is vacated. Remanded to the York County Commissioners for further remand to the Selectmen of the Town of Newfield with instructions to grant the requested abatement.

Dated: October 29, 2007

Paul A. Fritzsche
Justice, Superior Court


PLAINTIFF:
BRUCE A WHITNEY, ESQ.
PO BOX 187
SOUTH BERWICK ME   03908


DEFENDANT:
LEAH B RACHIN, ESQ.
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043-6658